UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TOM GORMAN, an individual, | |
| Plaintiff, | No. 3:11-cv-00413-HU |
| v. | |
| ROCKY POINTE MARINA PORTLAND, LLC, an Oregon limited liability company, and A&D YACHT SERVICE, LLC, an Oregon limited liability company, | **OPINION AND ORDER** |
| Defendant. | |
| ROCKY POINTE MARINA PORTLAND, LLC, an Oregon limited liability company, | |
| Third-Party Plaintiff, | |
| v. | |
| ANDREW BROWN, an individual, | |
| Third-Party Defendant. | |

Stephen C. Thompson
KIRKLIN THOMPSON & POPE LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204
    Of Attorney for Plaintiff

Thomas E. McDermott
James P. McCurdy

Page 1 - OPINION AND ORDER

LINDSAY HART NEIL & WEIGLER, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, OR 97201-5640
    Of Attorneys for Defendant Rocky Pointe Marina
    Portland, LLC

Thomas G. Waller
BAUER MOYNIHAN & JOHNSON LLP
2101 Fourth Avenue, Suite 2400
Seattle, WA 98121-2320
    Of Attorney for Defendant A&D Yacht Service, LLC &
    Third-Party Defendant Andrew Brown

HUBEL, Magistrate Judge:

### *OPINION AND ORDER*

This admiralty case involves a dispute between a shipowner, Tom Gorman ("Gorman"), and two shipyards, Rocky Pointe Marina Portland, LLC ("RPM") and A&D Yacht Service, LLC ("A&D"), over repairs to a vessel. The parties disagree on a significant legal issue: namely, the nature of the legal relationship between RPM, A&D, and third-party defendant Andrew Brown ("Brown"). To this end, Gorman sent RPM's counsel a Notice of Deposition and Subpoena to Testify for Paul Wathen, CPA. The subpoena required testimony on July 25, 2012 and production of RPM's tax records and the personal income tax records of its owners, Stan and Jen Tonneson.

RPM now moves the Court for an order quashing Gorman's Notice of Deposition and Subpoena to Testify. Curiously, RPM's counsel argues that "RPM's tax records, as well as the individual tax records of RPM's owners, Stan and Jen Tonneson, are neither relevant nor reasonably calculated to lead to discovery of relevant evidence," (Mem. Supp. Mot. Quash at 2), while simultaneously moving to compel Brown's and A&D's tax records which RPM's counsel describes as "essential and admissible evidence" that is "both relevant and necessary" on the very same issues. (Mem. Supp. Mot.

Page 2 - OPINION AND ORDER

Compel at 4.) As the old saying goes, however, what's good for the goose, is good for the gander. Accordingly, for the reasons stated on the record at the time of oral argument, all of which are incorporated herein by reference, RPM's motion (Docket No. 68) to quash is DENIED. In particular, RPM must produce: "All income tax returns for Stan Tonneson/Jen Tonneson/Rocky Pointe Marina Portland, LLC, including but not limited to all supporting or affiliated schedules, in particular Schedule B, Schedule D, and Schedule E, all supporting documents regarding any income source, including but not limited to K-1s, 1099s, 1099-DIV, 1099-MISC, W-2s, and all profit and loss statements and distributions for RPM Boatyard for the years 2006-2010." (McCurdy Decl. (Docket No. 70) Ex. 2 at 4.) This information shall be provided to Gorman subject to an agreed upon protective order.

IT IS SO ORDERED.

Dated this _10th___ day of August, 2012.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 3 - OPINION AND ORDER