UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TOM GORMAN, an individual, | |
| Plaintiff, | No. 3:11-cv-00413-HU |
| v. | **OPINION AND ORDER** |
| ROCKY POINTE MARINA PORTLAND, LLC, an Oregon limited liability company, and A&D YACHT SERVICE, LLC, an Oregon limited liability company, | |
| Defendant. | |
| ROCKY POINTE MARINA PORTLAND, LLC, an Oregon limited liability company, | |
| Third-Party Plaintiff, | |
| v. | |
| ANDREW BROWN, an individual, | |
| Third-Party Defendant. | |

Stephen C. Thompson
KIRKLIN THOMPSON & POPE LLP
522 SW Fifth Avenue, Suite 1100
Portland, OR 97204
 Of attorney for Plaintiff

Thomas E. McDermott
James P. McCurdy
LINDSAY HART NEIL & WEIGLER, LLP
1300 SW Fifth Avenue, Suite 3400

Page 1 - OPINION AND ORDER

```
Portland, OR 97201-5640
     Of Attorneys for Defendant Rocky Pointe Marina
     Portland, LLC

Thomas G. Waller
BAUER MOYNIHAN & JOHNSON LLP
2101 Fourth Avenue, Suite 2400
Seattle, WA 98121-2320
     Of Attorney for Defendant A&D Yacht Service, LLC &
     Third-Party Defendant Andrew Brown
```

HUBEL, Magistrate Judge:

### *OPINION AND ORDER*

This admiralty case involves a dispute between a shipowner, Tom Gorman ("Gorman"), and two shipyards, Rocky Pointe Marina Portland, LLC ("RPM") and A&D Yacht Service, LLC ("A&D"), over repairs to a vessel. Because the parties disagree as to the exact nature of the business relationship between RPM, A&D, and third-party defendant Andrew Brown ("Brown"), RPM issued a subpoena to Scappoose Business and Tax Services, Inc. ("SBTS"), requesting tax returns and accounting information for Brown and A&D. The subpoena was objected to on the grounds that public policy disfavors disclosure of such information. RPM also sent Brown's counsel a proposed subpoena for Brown's medical records because, during his deposition, Brown alluded to the fact that he suffered a mental breakdown as a result of his relationship with RPM. In response, Brown's counsel told RPM that Brown's medical records were (1) protected by the physician-patient privilege; and (2) not relevant to the causes of action alleged and defenses raised.

RPM now moves the Court for two orders: (1) an order compelling SBTS to comply with its subpoena duces tecum; and (2) an order permitting RPM to subpoena Brown's medical records from Kaiser Permanente. Plaintiff orally joined in the motion with

Page 2 - OPINION AND ORDER

respect to Brown's medical records at the hearing.  For the reasons stated on the record at the time of oral argument, all of which are incorporated herein by reference, RPM's motion (Docket No. 60) to compel is GRANTED with respect A&D's and Brown's tax records.  In particular, A&D and Brown must produce: "All income tax returns for [A&D and Brown], including but not limited to all supporting or affiliated schedules, in particular Schedule B, Schedule D, and Schedule E, all supporting documents regarding any income source, including but not limited to K-1s, 1099s, 1099-DIV, 1099-MISC, W-2s, and all profit and loss statements and distributions for [A&D and Brown] for the years 2006-2010." (McCurdy Decl. (Docket No. 70) Ex. 2 at 4.)  This information shall be provided to RPM subject to an agreed upon protective order.

With respect to Brown's medical records, the Court will issue its ruling on the record during the oral argument scheduled for September 10, 2012.  Prior to that date, Gorman and RPM are directed to submit supplemental briefs by August 15, 2012, setting forth (1) their precise intent regarding claims, defenses or issues which put Brown's medical condition(s) at issue in this proceeding; and (2) the particular medical records of Brown that are necessary to support or defend any party's position on such issues. Brown's response, which should also address the aforementioned matters, is due by September 4, 2012.

IT IS SO ORDERED.

Dated this 10th day of August, 2012.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 3 - OPINION AND ORDER